**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-10993
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DOE, a/k/a Tony Ricardo Milton,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:95-CR-82-E)

July 11, 1996

Before POLITZ, Chief Judge, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John Doe, a/k/a Tony Ricardo Milton,[1] was convicted by a jury of two counts

of making false statements in a passport application. In Count One he falsely

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] The record contains evidence that the appellant's name is Peter Osaro Onwe.

claimed his name to be Tony Ricardo Milton; in Count Three he falsely claimed Texas as his place of birth. He received concurrent sentences of imprisonment for six months, followed by three years of supervised release, plus the statutory assessment of $50 on each count.

On appeal Doe complains that Counts One and Three are multiplicitous. The government candidly concedes that the counts are multiplicitous, citing, as does appellant, our decision in **United States v. Sahley**[2] and that of our colleagues in the Ninth Circuit in **United States v. Praml**.[3] The government suggests that the essential issue is whether this plea can be first raised on appeal. Appellant did not urge a plea of multiplicity in the trial court but maintains that it may be raised on appeal in this instance because, despite the imposition of concurrent sentences,[4] under our recent holding in **United States v. Hard**[5] the plea may be urged because of the duplication of the statutory assessments. Once again the government professionally and candidly cites to our controlling precedents and recognizes that the plea may be first raised on appeal.

---

[2] 526 F.2d 913 (5th Cir. 1976).

[3] 909 F.2d 1489 (9th Cir. 1990) (table) (unpublished) 1990 WL 113608.

[4] **United States v. Cauble**, 706 F.2d 1322 (5th Cir. 1983), cert. denied, 465 U.S. 1005 (1984).

[5] 6 F.3d 276 (5th Cir. 1993), cert. denied, 114 S.Ct. 1551 (1994).

We conclude and hold that Counts One and Three are multiplicitous and, in the interest of justice and considerate of concerns of judicial economy and consistent with the suggestions of the parties, we VACATE the conviction and sentence on Count Three and AFFIRM the conviction and sentence on Count One and return the matter to the district court for entry of a judgment and commitment order consistent herewith.